**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X          **06 CV 2480 (NG) (LB)**
**CARRIE L. CHANDLER PENA,**

                                   **Plaintiff,**

          **-against-**                                                            **MEMORANDUM**
                                                                                   **AND ORDER**


**UNITED STATES BUREAU OF PRISONS,**

                                   **Defendant.**
----------------------------------------------------------------X

**GERSHON, United States District Judge:**

          In this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, which

is part of the Administrative Procedure Act, 5 U.S.C. §§ 551-559, 701-706, 1605, 3105, 4301, 5335,

5372, 7521, *pro se* plaintiff Carrie L. Chandler Pena asks the court to direct the United States Bureau

of Prisons ("BOP") to disclose her complete BOP record.  Compl. ¶ 7.   Defendant moves for

summary judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure, claiming

that plaintiff's file could not be located after a reasonable search, and is therefore not being

improperly withheld by the BOP as required for relief to be available under the FOIA.  Plaintiff did

not respond to defendant's motion.

                                             **FACTS**

          Plaintiff alleges that she made her original request to the BOP by letter dated July 2, 2004.

*Id.* at ¶ 7.  On August 3, 2004, she submitted a "Certificate of Identify" form at the agency's request.

*Id.* at ¶ 8-9.  Plaintiff resent the form on April 1, 2005, after the agency claimed it had not been

received.  *Id*. at ¶11.  On September 2, 2005, after receiving no further response from the BOP,

Plaintiff sent an appeal letter as allowed by 5 U.S.C. § 552(a)(6).  *Id* at ¶12.  Plaintiff claims she

never received a response to her appeal, and filed the instant action on May 17, 2006. *Id.* at ¶13.

The defendant submits a declaration from Kathleen Quigley, Paralegal Specialist Trainee for the BOP, Northeast Regional Office, Philadelphia, Pensylvania. Ms. Quigley acknowledges receipt of plaintiff's request on November 17, 2003, and states that the BOP requested plaintiff's file from the Metropolitan Detention Center ("MDC") on November 20, 2003. Def's Decl. ¶ 3, 5. Ms. Quigley attaches a letter dated January 7, 2004, by which plaintiff was notified that her file had been requested from the National Archives. *Id.* at ¶ 7. Ms. Quigley states that the agency received four subsequent requests from plaintiff for the same documents. *Id.* at ¶8. The BOP made subsequent requests to the MDC on September 30, 2005, December 1, 2005, and July 18, 2006, and was assured each time that the file had been requested from the National Archives. *Id.* at ¶ 9, 10. The BOP again notified plaintiff of her request status by letter dated December 9, 2005. *Id.* at ¶ 11.

On October 5, 2006, the MDC notified the BOP that the National Archives staff claimed to have forwarded plaintiff's file to the MDC on December 3, 2003, but after an "exhaustive and comprehensive search of the file room and log books," the MDC could not locate the files. *Id.* at ¶ 14. Plaintiff was notified that her file was missing by letter dated October 16, 2006.[1] *Id.* at ¶ 15.

## DISCUSSION

### I.  Summary Judgment Standard

Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates the entry of summary judgment, after adequate

---

[1] This was almost five months after plaintiff filed the instant action.

time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is "some metaphysical doubt" as to the material facts. *Matsushita Electric Industrial Co, Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To prevail, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *id.* at 587.

## II.  Summary Judgment Under FOIA

Under FOIA, subject matter jurisdiction is dependent on a showing that an agency has 1) improperly, 2) withheld, 3) agency records; only when each of these criteria is met may a court compel an agency to comply with FOIA's disclosure obligations. *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989); *Grand Cent. P'ship, Inc. v. Cuomo,* 166 F.3d 473, 478 (2d Cir. 1999). An agency must have possession and control over documents to "withhold" them. *Kissinger v. Rep. Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980). An agency is not required to procure documents that are not already in its possession in order to respond to a FOIA request. *Id.* Where documents are misplaced or permanently lost, they cannot be "improperly withheld." *Linker v. Hills*, 453 F. Supp. 556, 561 (S.D.N.Y. 1978) (citing *Nolen v. Rumsfeld*, 535 F.2d 890, 891 (5th Cir. 1976).

To prevail on a motion for summary judgment, an agency must demonstrate that its search for the requested documents was adequate. *Carney v. United States Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). "Affidavits or declarations supplying facts indicating that the agency has

conducted a thorough search . . . are sufficient to sustain the agency's burden." *Id.* A search is adequate when it is "reasonably calculated to discover the requested documents." *Katzman v. CIA*, 903 F. Supp. 434, 437 (E.D.N.Y. 1995). Furthermore, agency affidavits are presumed to be made in good faith, and when these submissions are "adequate on their face," the court may grant summary judgment on the basis of the affidavits. *Id.* However, affidavits are inadequate when they are conclusory and not relatively detailed. *Katzman v. CIA*, 903 F. Supp. 434, 438 (E.D.N.Y. 1995). When an agency has satisfied this burden, the plaintiff must make a showing of agency bad faith in order to overcome summary judgment in the agency's favor. *Carney*, 19 F.3d at 812.

## III.    Plaintiff's FOIA Claim

Although defendant's handling of plaintiff's request was far from ideal, and not conducted within the proscribed time guidelines of 5 U.S.C. §552(a)(6)(4), Ms. Quigley's affidavit, taken in good faith, suggests that an adequate search for plaintiff's file was conducted. Upon receiving plaintiff's request on November 17, 2003, the BOP requested the documents from the appropriate agency, the MDC, on several occasions. Each time, the BOP was assured that the MDC had requested plaintiff's documents from the National Archives. Plaintiff was twice notified by letter that her file had been requested from the National Archives. Finally, Ms. Quigley states that, after the National Archives told the MDC that the records had been sent, the MDC conducted an "exhaustive and comprehensive search" for the files, but was unable to locate them.

However, this search would be "adequate" only if the BOP is unable to procure additional copies of the documents in question. In other words, if the BOP can obtain plaintiff's records by making a request to the National Archives for additional copies of those documents, it is obligated to do so. It is unclear from Ms. Quigley's affidavit, however, whether the National Archives retains

original copies of the documents plaintiff seeks. Ms. Quigley merely states that "National Archives staff advised MDC Brooklyn staff on August 17, 2006, that the file was forwarded to them on December 3, 2003," and that the MDC was, thereafter, unable to locate the file. She does not indicate whether the National Archives forwarded to the MDC copies of the documents or the original documents themselves. If the National Archives does possess the original file, the BOP must procure additional copies of the documents for plaintiff.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is, at this time, held in abeyance pending submission of a further affidavit within sixty (60) days. The BOP shall direct the MDC to request, from the National Archives, additional copies of the documents plaintiff seeks. In the event the BOP is informed that the National Archives no longer possesses the original documents, the BOP is directed to file an affidavit to that effect.

**SO ORDERED.**

_____/s/_____
**NINA GERSHON**
**United States District Judge**

Dated:  Brooklyn, New York
      May 14, 2007